**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY TYRONE BOYER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 26-721** |
| | ) | |
| **THE COMMONWEALTH OF PENNYSLVANIA, D.A. MICHAEL A. AUBERLE** *14th Magisterial District Attorney*, **CODY STEMRICH** *Trooper*, **RICHARD NAGY, and A. JANOSKO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>Memorandum Opinion and Order</u>**

Plaintiff Anthony Boyer filed the instant civil rights Complaint against the Commonwealth of Pennsylvania, Cody Stemrich, Richard Nagy, A. Jonosko, and Michael Anthony Aubele. ECF No. 7. The claims in the Complaint arise from Mr. Boyer's arrest and subsequent criminal case currently being prosecuted in the Court of Common Pleas of Fayette County. *Commonwealth of Pennsylvania v. Boyer*, Docket No. CP-26-CR-0001995-2025; ECF No. 15. All five Defendants were served by the United States Marshal service via the United States mail. ECF No. 20. Counsel entered their appearance for the Commonwealth, Stemrich, Nagy, and Janosko, with an Answer due date of October 2, 2026. ECF Nos. 11 & 12. No appearance has been entered for Defendant Auberle. Presently before the Court are Mr. Boyer's Motion to Amend Complaint (ECF No. 13), Mr. Boyer's Motion to Request all Documents Pertaining to Case (ECF No. 18), and Defendants' Motion to Stay Case Pending Underlying Criminal Case Resolution, ECF No. 14.

**I.**

Defendants request that this case be stayed while criminal proceedings are ongoing in Fayette County, pursuant to principles of comity and equity and *Younger v. Harris*, 401 U.S. 37 (1971). Mr. Boyer filed three separate filings vigorously opposing a stay. ECF Nos. 18, 19, & 21. For the reasons stated below, the Motion will be granted.

Mr. Boyer's claims are subject to dismissal pursuant to the *Younger* doctrine. *Younger*, 401 U.S. 37. The *Younger* abstention doctrine expresses "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "'[I]nterests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'" *Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) (quoting *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237-38(1984)). "'*Younger* abstention is only appropriate where the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims.'" *Id.* (quoting *Gwynedd Props., Inc. v. Lower Gwynedd Twp*., 970 F.2d 1195, 1200 (3d Cir. 1992)).

Here, there is clearly an ongoing state court criminal proceeding that is judicial in nature and that implicates important state interests. The Court of Common Pleas of Fayette County docket for Mr. Boyer's case indicates that he is still awaiting trial, with an apparent scheduled trial date of October 5, 2026. CP-26-CR-0001995-2025, at 3. Pennsylvania state courts are also able to afford Plaintiff an adequate opportunity to raise any of his various federal constitutional

claims. As the Third Circuit has forcefully stated, "[i]n no area of the law is the need for a federal court to stay its hand pending the completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992). Finally, there are no extraordinary circumstances present that weigh against abstention and a stay. The above analysis applies equally to Defendant Auberle. Therefore, the Court will abstain from exercising jurisdiction under *Younger* and stay this action until the state court criminal proceeding has been resolved.

**II.**

Mr. Boyer's Motion to Amend Complaint consists of a letter and attached Process Return and Receipt Forms, in which he proposes to add two new defendants to this case. ECF No. 17. The Court construes Mr. Boyer's letter as a Motion to Amend his Complaint. The Motion will be denied without prejudice as submission of completed Process Return and Receipts are insufficient to amend a complaint to add additional defendants. Mr. Boyer must file a proposed amended complaint that includes the two new defendants and said proposed amended complaint must include allegations supporting any claims to be asserted against the new defendants. Given the stay to be entered in this case, the Court will not act on any proposed amended complaint until after the criminal case is complete.

**III.**

Mr. Boyer's Motion to Request all Documents Pertaining to Case appears to have been erroneously filed by the Clerk 's Office as a Motion. A reading of the document shows that Mr. Boyer is seeking clarification regarding Defendants' counsel's Notice of Appearance and executed Waiver of Service of Summons form. ECF Nos. 11, 12. Mr. Boyer asks the Court to confirm his understanding that the "Waiver of Service of Summons" form filed by defense

counsel is a copy of the original form. The form *is* a copy of the Waiver of Service of Summons that was served upon Defendants and which defense counsel filled out. ECF No. 12. The remainder of the document indicates that Mr. Boyer had received the Court's briefing Order regarding the Motion to Stay, and he expresses his opposition to any stay of the case. Since there is no actual Motion to resolve, the Court need not enter a ruling with respect to this pleading.

Accordingly, the following Order is hereby entered.

**ORDER**

And now, this 30th day of September 2026, it is hereby ORDERED that Defendants' Motion to Stay Case Pending Underlying Criminal Case Resolution, ECF No. 14, is GRANTED. This case is hereby STAYED until resolution of the underlying criminal proceedings in Fayette County.

IT IS FURTHER ORDERED that counsel for Defendants shall promptly file on the record a Status Report when the underlying criminal proceedings have been resolved and indicate whether the Stay should be lifted. If the underlying criminal proceeding is not resolved by October 30, 2026, counsel for the Defendant shall file on the record a Status Report as to the current state of the criminal proceeding. Counsel for Defendant shall file a follow-up report on the last working day of each month until the criminal proceedings have finally been resolved.

IT IS FURTHER ORDERED that Mr. Boyer's Motion to Amend, ECF No. 13, is . denied without prejudice to Mr. Boyer filing an amended complaint when the stay in this case is lifted.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Anthony Tyrone Boyer
0098-0106
Fayette County Prison
254 McClellandtown Road
Uniontown, PA 15401